# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| KYLE K., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 2:23-cv-00044-JAW |
| ) | |
| MARTIN O'MALLEY, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant ) | |

## REPORT AND RECOMMENDED DECISION

The Plaintiff in this Social Security Disability appeal contends that the Administrative Law Judge (ALJ) erred in her evaluation of certain opinion evidence. *See* Plaintiff's Brief (ECF No. 7). I discern no error and recommend that the Court affirm the Commissioner's decision.

## I. Background

The Plaintiff filed an application for benefits in July 2020. *See* Record at 79. After his claim was denied at the initial and reconsideration levels, he requested a hearing before an ALJ. *See id.* That hearing took place in January 2022, following which the ALJ issued a decision finding that the Plaintiff had the severe impairments of status-post ankle trauma, post-traumatic osteoarthritis, peripheral neuropathy, and degenerative disc/joint disease of the lumbar spine. *See id.* 79, 81. Considering these impairments, the ALJ found that the Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) except that he could only stand or walk for four hours in an eight-hour day; needed the option of

1

changing positions from sitting to standing every hour for five minutes while remaining on task; could occasionally push, pull, and use pedal controls with his right lower extremity; could occasionally climb ramps and stairs but never ladders, ropes, or scaffolds; could occasionally balance, stoop, kneel, crouch, and crawl; and could not work on slippery or uneven work surfaces or at unprotected heights. *See id.* at 82. Ultimately, the ALJ concluded that the Plaintiff could not return to his past relevant work with such an RFC but that he could perform other jobs existing in significant numbers in the national economy and was therefore not disabled. *See id.* at 86-88. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-3, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 404.981.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by

ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

### III. Discussion

The Plaintiff's assignments of error relate to the ALJ's evaluation of the opinions of consultative examiner Suzanne Meub, APRN, and agency nonexamining consultants Donald Trumbull, M.D., and Benjamin Weinberg, M.D.

APRN Meub examined the Plaintiff in September 2020. *See* Record at 300-04. As part of her examination, APRN Meub recorded many abnormal findings and diagnosed the Plaintiff with chronic back pain, right peripheral neuropathy, right polyradiculopathy, chronic right ankle pain with decreased range of motion, and "[a]lleged arthritis in the right ankle." *Id.* at 303-04. Based on her impressions, APRN Meub assessed several significant exertional and environmental limitations. *See id.* at 304.

In reviewing APRN Meub's opinion at the initial level, Dr. Trumbull noted "[s]everal inconsistencies" that rendered her opinion less persuasive. *Id.* at 63. Dr. Trumbull found the severity of APRN Meub's opined limitations discordant with some of the Plaintiff's allegations as well as some of her examination findings, which showed, among other things, normal Romberg test results; normal muscle tone and sensation; no joint deformity or swelling; and sitting, standing, and toe walking with ease. *See id.* Dr. Trumbull also faulted APRN Meub for relying heavily on the Plaintiff's subjective report of symptoms and limitations and found that "the totality of the evidence" did not support her opinion. *See id.* at 63-64. Ultimately,

Dr. Trumbull assessed a less limiting RFC than APRN Meub. *See id.* at 64-65. On reconsideration, Dr. Weinberg agreed with Dr. Trumbull's opinion. *See id.* at 71-73.

In her decision, the ALJ explained the weight she assigned to the opinions of APRN Meub, Dr. Trumbull, and Dr. Weinberg:

> I have . . . considered the opinion of [APRN Meub]. After examining the [Plaintiff] on a single occasion, Ms. Meub opined that he would be unable to sit for more than three hours total and stand/walk for four hours total, all in an eight-hour workday. She opined that the [Plaintiff] would also have additional nonexertional limitations due to his impairments, including being unable to work with tools that vibrate. I have compared the information contained in Ms. Meub's report with her objective findings on exam, as well as those of other treating/examining sources. Ms. Meub noted normal Romberg, muscle tone, sensation. No joint deformity or swelling and mild spinal tender points. The strength of the right lower extremity was noted to be 3/5. Range of motion was limited w[ith] the left greater than the right. The [Plaintiff] can squat/arise with moderate difficulty but sit, stand and toe walk with ease. As [Drs. Trumbull and Weinberg] expressed[,] the exam findings were significantly discordant with the [Plaintiff's] allegations, including Romberg testing, ankle range of motion and sit, stand, toe walk. Therefore, I cannot find sufficient objective medical evidence to support the limitations cited by this consultative examiner. As such, her opinion is not persuasive.
>
> The opinions of [agency] nonexamining medical consultants [Drs. Trumbull and Weinberg] at both initial and reconsideration levels of appeal are consistent with the objective evidence of record. That record supports finding that [the Plaintiff] remains able to sit for up to eight hours and stand/walk a total of four hours in an eight-hour day, with the ability to periodically alternate between sitting and standing along [with] being occasionally able to push/pull and use pedal controls with the right lower extremity; occasionally climb ramps and stairs, never climbing ladders, ropes or scaffolds, occasional balance, stoop, kneel, crouch and crawl; no work on slippery or uneven work surfaces; no work at unprotected heights. The limitations cited by Drs. Weinberg and Trumbull are supported by and consistent with the evidence of record, including the treating neurosurgeon exam showing normal sensorium, normal bilateral lower extremity strength, [and] diffuse mechanical pain. As such, they are persuasive.

*Id.* at 85-86 (citations omitted).

The Plaintiff argues that the ALJ "erroneously fail[ed] to evaluate the consistency of APRN Meub's opinion statement with the evidence of record as required by" 20 C.F.R. § 404.1520c(b)(2), which dictates that ALJs must explain how they considered the supportability and consistency of medical opinions. Plaintiff's Brief at 8-10. He also faults the ALJ for focusing "almost exclusively upon a limited range of 'normal' examination findings in APRN Meub's report while almost completely disregarding the 37 distinct 'abnormal findings' APRN Meub cited in her report." *Id.* Finally, he complains that the ALJ cited only a single record to support her conclusion that Drs. Trumbull's and Weinberg's opinions were supported by the record. *See id.* at 10-11.

The fundamental problem with the Plaintiff's arguments is that they fail to take into account the ALJ's decision as a whole. *See Christopher B. v. Berryhill*, No. 2:17-cv-00502-JAW, 2018 WL 5786210, at *3 n.2 (D. Me. Nov. 4, 2018) (rec. dec.) ("[I]t is proper to read the ALJ's decision as a whole, and it would be a needless formality to have the ALJ repeat substantially similar factual analyses." (cleaned up)), *aff'd*, 2019 WL 97019 (D. Me. Jan. 3, 2019); *West v. Berryhill*, No. 17-1170, 2017 WL 6499834, at *1 (1st Cir. Dec. 11, 2017) ("[T]he court considers the ALJ decision as whole when determining whether substantial evidence supports the ALJ's findings.").

The ALJ's decision contains a thorough discussion of the evidence. *See* Record at 82-86. The ALJ explained that she "compared" APRN Meub's opinion against that

evidence and found it lacking, which indicates clearly enough—even if she did not explicitly use the word "consistency"—that she found the opinion inconsistent with the evidence. *Id.* at 85. Absent any authority from the Plaintiff showing that the ALJ was required to do more, I conclude that the ALJ satisfied the requirements of 20 C.F.R. § 404.1520c(b)(2). *See, e.g., Angela H.-M. v. Comm'r of Soc. Sec.*, 631 F. Supp. 3d 1, 10 (W.D.N.Y. 2022) (finding an ALJ's discussion sufficient to satisfy the regulatory requirements even where the ALJ "did not specifically use the words 'supportability' and 'consistency'").

I am similarly unpersuaded by the Plaintiff's argument that the ALJ focused too heavily on the normal findings from APRN Meub's examination instead of the abnormal findings. *See* Plaintiff's Brief at 8-10. The ALJ did not disregard the abnormal findings from APRN Meub's examination—indeed, in a lengthy paragraph, she described the examination and referenced many of the abnormal findings. *See* Record at 84. That the Plaintiff would have liked the ALJ to place more weight on those abnormal findings is not cause for remand. *See Becky K. G. v. Saul*, No. 1:20-cv-00089-GZS, 2020 WL 7418974, at *5 (D. Me. Dec. 17, 2020) (rec. dec.) ("That the record could arguably support a different conclusion does not entitle the plaintiff to remand; it is for the ALJ, not the court, to draw conclusions from the evidence and to resolve any conflicts therein."), *aff'd*, 2021 WL 66609 (D. Me. Jan. 7, 2021).

Finally, the Plaintiff's argument that the ALJ failed to adequately assess the supportability and consistency of Drs. Trumbull's and Weinberg's opinions, *see*

6

Plaintiff's Brief 10-11, falls flat because, again, he fails to engage with the ALJ's broader discussion of the evidence and merely offers a citation to evidence (namely, his own testimony) that might arguably support a different conclusion, *cf. Deannie B. v. Kijakazi*, No. 1:22-cv-00067-JAW, 2023 WL 839828, at *3 (D. Me. Jan. 27, 2023) (rec. dec.) (noting that a claimant cannot undermine an ALJ's weighing of opinion evidence "simply by pointing to evidence that might support a different conclusion," especially when the claimant fails to "meaningfully engage with the ALJ's extensive discussion of [the underlying] treatment records"), *aff'd*, 2023 WL 2019089 (D. Me. Feb. 15, 2023).

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: January 31, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge